IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DIRECTV, INC., a California corporation, | ) | |
| | ) | Case No. CV-04-265-S-LMB |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| NICK BUSDON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are Defendant's Motion to Dismiss (Docket No. 18), Plaintiff's Motion to Modify the Scheduling Order (Docket No. 28), and Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 29).

As an initial matter, the Court concludes that Plaintiff has shown good cause to amend the Scheduling Order. Federal Rule of Civil Procedure 16(b) governs a motion to amend a scheduling order to allow amendment of the pleadings. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). Rule 16(b) allows "[o]rders entered before the final pretrial conference [to] be modified upon a showing of 'good cause.'" *Id.* (quoting Fed. R. Civ. P. 16(b)). If the party establishes good cause to modify a scheduling order under Rule 16(b), then the party must demonstrate that amendment of the pleadings is proper under Rule 15. *Id.* The focus of the good cause inquiry is whether the moving party could not reasonably meet the established timeline in a scheduling order despite the party's diligence. *Id.* at 609. The Court agrees with Plaintiff that Defendant's notice of prior bankruptcy only days before the original Scheduling Order deadline made it impossible for Plaintiff to determine if it needed to amend its

MEMORANDUM DECISION AND ORDER - 1

Complaint before the original Scheduling Order deadline for amendment of pleadings. Thus, Plaintiff has shown good cause for amending the Scheduling Order. Pursuant to Rule 15, leave to amend the pleadings is to be freely given, therefore, the Court also finds that Plaintiff should be allowed to amend its Complaint. Accordingly, Plaintiff's Motion to Modify the Scheduling Order (Docket No. 28) and Motion for Leave to Amend the Complaint (Docket No. 29) are granted. The Court will use the facts from the Amended Complaint to decide Defendant's Motion to Dismiss (Docket No. 18).

## V.

## RELEVANT FACTS

On July 3, 2003, Defendant filed for bankruptcy under 11 U.S.C. § 701 *et seq. Second Motion for Leave to Amend Complaint*, Ex. A, ¶ 1 (Docket No. 29) ("Plaintiff's Amended Complaint"). Defendant failed to schedule any debt owed to Plaintiff and to list Plaintiff as a creditor. *Id.* ¶ 2. Consequently, Plaintiff had no notice of the bankruptcy proceeding. *Id.* On October 29, 2003, the bankruptcy court issued a Discharge and Closing Order. *Id.* ¶ 1. Plaintiff did not receive notice of Defendant's bankruptcy in time to file a timely proof of claim or determination regarding dischargeability. *Id.* ¶ 3. Plaintiff alleges that Defendant engaged in fraud and larceny, and that Defendant willfully and maliciously caused it injury by purchasing a satellite signal descrambler that Defendant used to illegally intercept its programming. *Id.* ¶¶ 4, 5, 12, 17.

## VI.

## MOTION TO DISMISS

Defendant moves to dismiss all claims "pursuant to the Federal Rules of Civil Procedure,

including Rule 12 and, the United States Bankruptcy Code[.]" *Defendant's Motion to Dismiss*, p. 1 (Docket No. 18). The Court construes this as a Rule 12(b)(6) motion. When analyzing a motion to dismiss under Rule 12(b)(6), the Court must accept as true the factual allegations contained in the complaint and construe them in the light most favorable to the plaintiff. *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999). Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Id.* Thus, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (emphasis and alteration in original).

Defendant argues the Court should grant the motion to dismiss for several reasons. Those reasons are: (1) Plaintiff's "collateral attack" on discharge is procedurally improper and that Defendant discharged his debt to Plaintiff in bankruptcy; (2) the discharge exceptions upon which Plaintiff relies are inapplicable in this case; and (3) "the factual allegations upon which Plaintiff relies in opposition to this motion are not contained in the pleadings or properly before the Court." *Reply Memorandum in Support of Motion to Dismiss*, p. 1 (Docket No. 22).

## A.    Discharge Jurisdiction and Procedure

The Court has jurisdiction to determine the issue of dischargeability pursuant to 28 U.S.C. § 1334. *In re Adams*, 761 F.2d 1422, 1424 (9th Cir. 1985); Fed. R. Bankr. P. 4007 advisory committee's note (stating that jurisdiction over complaints to determine the dischargeability of a type of debt under 11 U.S.C. § 523(a)(3) is "held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum").

MEMORANDUM DECISION AND ORDER - 3

Under Federal Rule of Bankruptcy Procedure 4007, "[a] debtor or any creditor may file a

complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007.

In this case, Plaintiff's Amended Complaint alleges that Defendant's debt is non-dischargeable

under 11 U.S.C. §§ 523(a)(3)(B), 523(a)(4), and 523(a)(6). *Plaintiff's Amended Complaint*, ¶ 5.

Thus, the dischargeability question is properly before the Court. *See* Fed. R. Bankr. P. 4007.

**B.     Dischargeability**

Section 727(b) of Title 11 of the United States Code provides that "[e]xcept as provided

in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor

from all debts that arose before the date of the order for relief under this chapter[.]" 11 U.S.C.

§ 727(b).  In pertinent part, 11 U.S.C. § 523 provides:

> (a) A discharge under section 727 . . . of this title does not discharge an
> individual debtor from any debt–
> . . .
> (3) neither listed nor scheduled under section 521(1) of this title, with the
> name, if known to the debtor, of the creditor to whom such debt is owed,
> in time to permit–
> . . .
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this
> subsection, timely filing of a proof of claim and timely request for a
> determination of dischargeability of such debt under one of such
> paragraphs, unless such creditor had notice or actual knowledge of the
> case in time for such timely filing and request;
>
> (4) for . . . embezzlement, or larceny;
> . . .
> (6) for willful and malicious injury by the debtor to another entity or to the
> property of another entity;
> . . . .
> (c)(1) Except as provided in subsection (a)(3)(B) of this section,
> the debtor shall be discharged from a debt of a kind specified in
> paragraph (2), (4), (6), or (15) of subsection (a) of this section,
> unless, on request of the creditor to whom such debt is owed, and
> after notice and a hearing, the court determines such debt to be
> excepted from discharge under paragraph (2), (4), (6), or (15), as

MEMORANDUM DECISION AND ORDER - 4

the case may be, of subsection (a) of this section.

11 U.S.C. § 523. Thus, under § 523(a)(3)(B):

> if the debt flows from an intentional tort "of a kind specified" in the
> relevant paragraphs, the debtor's failure to schedule in time to provide
> notice to the creditor of the need to seek an adjudication of
> dischargeability is conclusive (at least in the absence of actual knowledge
> of the bankruptcy on the part of the creditor). The debt is not discharged.

*Beezley v. Cal. Land Title Co.*, 994 F.2d 1433, 1434 (9th Cir. 1992) (explaining the court's

simple answer in the case). In *Beezley*, the Ninth Circuit held that after a "no asset, no bar date

Chapter 7 case" has been closed, "dischargeability is unaffected by scheduling[.]" *Id.* "If the

[omitted] debt is of a type covered by 11 U.S.C. § 523(a)(3)(B), it has not been discharged, and is

non-dischargeable." *Id.*

In this case, Plaintiff may be able to prove a set of facts that shows Defendant's debt is

non-dischargeable. Plaintiff's Amended Complaint alleges that Defendant's debt is non-

dischargeable under 11 U.S.C. §§ 523(a)(3)(B), 523(a)(4), and 523(a)(6). *Plaintiff's Amended

Complaint*, ¶ 5. Plaintiff relies on *In re Feiner*, 254 B.R. 266 (Bankr. D. Kan. 2000), for the

proposition that Defendant's alleged conduct constitutes willful and malicious injury under

§ 523(a)(6). *Memorandum in Opposition to Defendant's Motion to Dismiss*, pp. 3-4 (Docket No.

21). *Feiner* stands for the proposition that the purchase and use of a descrambling device to

intercept television programming illegally is conduct that falls within § 523(a)(6). *Feiner*, 254

B.R. at 269, 273. Plaintiff has alleged that Defendant purchased and used a descrambling device

to illegally intercept its programming. *Plaintiff's Amended Complaint*, ¶¶ 12, 17, 25. Because

the Court takes these allegations as true, *Mishler*, 191 F.3d at 1003, Plaintiff may be able to

prove a set of facts entitling it to a finding that Defendant's debt is non-dischargeable under

MEMORANDUM DECISION AND ORDER - 5

§ 523(a)(6). This in turn brings Plaintiff's claim within § 523(a)(3)(B). *See* 11 U.S.C. § 523(a)(3). Because a Chapter 7 "no assets" bankruptcy does not discharge a debt that § 523(a)(3)(B) covers, *Beezley*, 994 F.2d at 1434, Defendant's Motion to Dismiss must be denied. *See Mishler*, 191 F.3d at 1003.

C.   **Factual Allegations are Properly Before the Court**

Plaintiff's Amended Complaint alleges that Defendant "engaged in fraud and larceny against [Plaintiff] and has willfully and maliciously caused injury to [Plaintiff]." *Plaintiff's Amended Complaint*, ¶ 4. Accordingly, Plaintiff's allegations are properly in the record.

## III.

## ORDER

THEREFORE, IT IS HEREBY ORDERED:

1.   Defendant's Motion to Dismiss (Docket No. 18) is DENIED.

2.   Plaintiff's Motion to Modify the Scheduling Order (Docket No. 28) is GRANTED.

3.   Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 29) is GRANTED. Plaintiff shall file its Amended Complaint with the Clerk of Court and serve it upon Defendant within ten (10) days of the date of this Order.

DATED: **June 8, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 6